STATE OF NEW JERSEY, PLAINTIFF, v. WILLIAM MASLO, DEFENDANT.

Hudson County Court

Decided October 15, 1963.

*Mr. Harold J. Ruvoldt,* Assistant County Prosecutor, for the State.

*Mr. Edward F. Zampella,* attorney for defendant.

SCHULMAN, J. C. C. This is a search and seizure case. Defendant, during the course of trial in the municipal court for petty larceny with waiver of indictment, objected to introduction of evidence, and pursuant to *R. R.* 3:2A–6 motion was made to suppress said evidence before this court.

The only witness presented was a Mr. John F. Dolan, who stated that he was employed by the Waterfront Commission

as an investigator. He testified that on June 14, 1963 he was
sent to Pier 9, Hoboken, to investigate a report that some
shipment had been broken into. He testified that at 4 P. M.
he had set himself at an observation post on the lower level,
south side of said pier to watch the longshoremen coming out
of said pier. At approximately 4:45 he observed defendant,
subsequently identified as Mr. Maslo, leaving the pier by the
lower gate. He stated that he noticed a bulge around the
groin area of Mr. Maslo and he followed Mr. Maslo to his car
unnoticed. He saw defendant get into his car, bend down,
and remove a sweater from the fly of his pants. He saw on
the sweater a label which he recognized as part of a shipment
from Italy which had been on the docks that day. He opened
the door of said automobile and asked defendant what he had
there and defendant replied "give me a break." The witness
further testified that he told defendant to come with him and
both proceeded in defendant's car to the offices of the Water-
front Commission and reported said happening to the Com-
mission, which resulted in a charge of violation of customs.
On the way to the Waterfront Commission headquarters he
asked defendant if he had any other items in the car and de-
fendant answered "no." The officer then opened up the glove
compartment of said car and found lighter fluid and other
items in the car, as well as articles under the seat. After he
had reported said incident to the Waterfront Commission
office, defendant was released. Subsequently, about 12 days
later, a sworn complaint was made in the municipal court by
an officer of the American President Lines on a charge of
larceny against defendant. No witnesses were produced by
defendant at this hearing, although extensive cross-examina-
tion was made of the State's witness.

Defendant argues that the evidence seized at the time of the
arrest or detention should not be used against him, in that
there was an invalid arrest or detention, and the evidence was
the forbidden fruit of the illegal arrest or detention and hence
not admissible. He further argues that since the warrant for
his arrest was not issued until 12 days subsequent to his

original arrest or detention, the State was in violation of *R. R.* 8:3–3, which provides as follows:

"A person making an arrest without a warrant shall take the arrested person, without unnecessary delay, before the nearest available magistrate and a complaint shall be filed forthwith and a warrant issued thereon."

In the instant case search and seizure was made without a search warrant. Hence its legality depends upon probable cause for arrest. *State v. Scharfstein,* 79 *N. J. Super.* 236 (*App. Div.* 1963). Defendant argues that there was no arrest in this case, merely illegal detention, and illegal detention could not give rise to arrest on probable cause wherein search and seizure might be incidental to such arrest or detention.

There is no doubt that a waterfront investigator can exercise police powers in the State of New Jersey. The bi-state compact creating the Waterfront Commission of New York Harbor, set forth at *N. J. S. A.* 32:23–86, states as a power of the Commission the ability

"* * * [t]o designate any officer, agent or employee of the commission to be an investigator who shall be vested with the powers of a peace officer of the State of New York in that State, and of the State of New Jersey in that State."

It appears from the above that an investigator designated by the Commission could effect an "administrative arrest" of an individual committing a misdemeanor in his presence. See *Carroll v. United States,* 267 *U. S.* 132, 45 *S. Ct.* 280, 69 *L. Ed.* 543 (1923). If the evidence demonstrates the requisites of a reasonable search and seizure, a defendant should have no quarrel with the use of the evidence so obtained in a subsequent criminal action. See *Abel v. United States,* 362 *U. S.* 217, 80 *S. Ct.* 683, 4 *L. Ed. 2d* 668 (1960).

The facts demonstrate that the investigator viewed incriminatory behavior on the part of defendant; that the investigator took defendant into custody with the object of bringing him before the Waterfront Commission; that en route to

the Commission the investigator searched defendant's car; that upon arriving at the office of the Waterfront Commission defendant was charged with violations of the rules of the Commission and a violation of customs.

■ The court finds from the facts testified to that the investigator had probable cause to believe a crime had been committed in his presence and defendant was taken into custody; consequently a lawful arrest had occurred. See *Henry v. United States*, 361 *U. S.* 98, 80 *S. Ct.* 168, 4 *L. Ed. 2d* 134 (1961). It is also the finding of the court that the search subsequently made by the investigator was incident to the arrest. See *Harris v. United States*, 331 *U. S.* 145, 67 *S. Ct.* 1098, 91 *L. Ed.* 1399 (.1947); *United States v. Rabinowitz*, 339 *U. S.* 56, 70 *S. Ct.* 430, 94 *L. Ed.* 653 (1950). The court is therefore led to the conclusion that the search and seizure was lawful, even if it is judged by the standards applicable to a police arrest without warrant.

It is noted that defendant was in custody at the offices of the Waterfront Commission for a short time, after which he was freely permitted to leave. There is no indication before the court that additional evidence was procured due to a delay in arraignment.

Defendant also bases this motion to suppress the evidence obtained by the investigator on the ground that a criminal complaint was not filed immediately upon his arrest.

■ It must be recognized at the outset that the court finds itself confronted with a question of dual jurisdiction, one based upon the Waterfront Commission Act, *N. J. S. A.* 32:23–1, *et seq.*, and the other based upon the criminal law of this State. The facts demonstrate that there are grounds for criminal as well as administrative sanctions that could be applied against defendant based on the same transaction. The fact that initially it appears the proceeding was administrative does not constitute a bar to a criminal proceeding. See *Abel, supra*.

■ A possible source of aid to. defendant's position might derive from the fact that the United States Supreme Court

overruled the "silver platter" doctrine (the introduction into the federal courts of evidence unlawfully seized by the state courts). *Elkins v. United States*, 364 *U. S.* 206, 221, 80 *S. Ct.* 1437, 4 *L. Ed. 2d* 1669 (1960), cited in *Cleary v. Bolger*, 371 *U. S.* 392, 411, 83 *S. Ct.* 385, 9 *L. Ed. 2d* 390 (1962) (Brennan, J. dissenting). It has been suggested that the converse situation is no less in need of reform. *Cleary v. Bolger, supra.* Mr. Justice Brennan argued for the proposition that a defendant deserves protection in any forum against evidence illegally obtained, even though it is actually used by an authority innocent of the actual wrongdoing. The Supreme Court has not gone this far, but even if we can use such a standard to judge the evidence in this case, there is still no ground for suppression. There is no indication that the State used the waterfront investigator as a shield to obtain evidence it could not lawfully obtain. The court cannot say that the mere fact that no criminal charges were preferred at once tainted the proceedings. Charges were, in fact, preferred against defendant at the Commission's office, albeit of an administrative nature. There is no indication that had the Commission retained sole jurisdiction and brought this matter to an administrative conclusion, the use of the evidence would have been in any way improper. It is noted: (a) there was no evidence of collusion between the Waterfront Commission and the police; (b) the search and seizure would have been reasonable even if it were done by an ordinary police officer; (c) there is no indication of unreasonable custody after the arrest.

The issue as to whether a defendant is deprived of constitutional rights because of the transferring of evidence between bodies with dual jurisdiction has been discussed by the Supreme Court. In *Abel v. United States*, 362 *U. S.* 217, 80 *S. Ct.* 683, 4 *L. Ed. 2d* 668 (1960), the court was faced with a situation wherein the Immigration and Naturalization Service seized certain evidence during an administrative arrest as preliminary step to defendant's deportation. Mr. Justice Frankfurter, speaking for the majority, stated that the evi-

dence was properly admitted into petitioner's trial for the crime of conspiracy to commit espionage. The basis for the decision was that the administrative search was made in good faith as a step in the deportation proceeding, rather than a subterfuge for amassing evidence for a criminal proceeding. The court also concluded that there was no reason to limit a search incident to a valid criminal arrest. The majority of the court held that since the search and seizure was lawful, there was no reason to exclude the evidence from a criminal trial. The minority of four justices held that in the case of an arrest without warrant, there must be probable cause which is subject to judicial inquiry, and that the failure of the defendant to have any independent inquiry or judicial control over the circumstances of his arrest until five weeks later, when at the detention camp he was served with a bench warrant for his arrest on criminal charges upon an indictment, was not in accordance with valid procedure and should be excluded from evidence in the criminal prosecution.

A view of the situation in the *Abel* case demonstrates that the actions of the officials in the case at bar are well within the limits of acceptable conduct. The arrest in the *Abel* case was made on a warrant issued by one administrative official to another. After petitioner was arrested he was taken to a local administrative headquarters and then flown in a special plane 1,000 miles away to a detention camp. An executive procedure as to his deportability was had after some days had passed. Five weeks after his arrest, while still at the detention camp, he was served with a bench warrant for his arrest on criminal charges upon an indictment. 362 *U. S.*, at *p.* 251, 80 *S. Ct.*, at *p.* 703, 4 *L. Ed.* 2d 668 (dissent).

In the case at bar defendant was released from the custody of the Waterfront Commission after the investigator made his report and defendant was charged with the administrative offenses. He does not demonstrate his situation would have been more favorable if the arrest had been made by regular police in compliance with the law applicable to their action. ■ The Waterfront Commission Act was adopted by the

States of New York and New Jersey in an effort to combat the various evils on the waterfront in the Port of New York district. *In re Buoncuore,* 39 *N. J.* 20 (1962), citing *Hazelton v. Murray,* 21 *N. J.* 115 (1956); *State v. Murphy,* 36 *N. J.* 172, 185 (1961). In the case at bar the investigator, vested with the powers of a police officer of the State of New Jersey, *N. J. S. A.* 32:23–86, was investigating pilferage on the docks of the New York District—clearly within the purview of the bi-State compact, *N. J. S. A.* 32:23–72.

The defendant neither demonstrates that the action of the investigator was "a subterfuge for amassing evidence for a criminal proceeding," rather than a good faith attempt to further the objectives of the Waterfront Commission, nor that the search and seizure was unlawful. Therefore, it is the opinion of the court that the evidence uncovered by the Waterfront Commission investigator should not be excluded from the criminal proceeding.

Motion to suppress is denied.